EVERETT DICKOVER et al. v. STATE.

No. A-6381.   Opinion Filed Jan. 5, 1929.
Rehearing Denied March 9, 1929.
(279 Pac. 514.)

Wright & Gill and Wm. H. Lewis, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Oklahoma county on a charge of having possession of a still, and were each sentenced to pay a fine of $300 and to serve a term of 60 days in the county jail.

The record discloses that Clarence Trosper owned a tract of about 10 acres southeast of Oklahoma City on which there was a barn. He rented it to defendant H. C. Wallace, who was to pay $25 per month, and who paid that sum on December 19, and again on February 1. On February 13, Trosper went to the place and found in the barn a still apparently in good shape and ready to operate, with other paraphernalia at hand. At that time defendant Dickover was on the premises and endeavored to get Trosper to transfer the lease to him, which Trosper declined to do. Certain officers then went to the premises and found the still, as stated by Trosper, and in addition a large quantity of whisky mash. Defendant Wallace testified that he had subleased the premises to Dickover, and had moved away, and had no connection with the still. Dickover testified that he had taken over the lease from Wallace, that the furniture there belonged to him, that he did not know who the still there belonged to.

Defendants contend the evidence is not sufficient to sustain the verdict and judgment. Without discussing the probative force of the evidence, we are of the opinion that it amply sustains the verdict and judgment.

Also it is argued that the court erred in his instruction No. 3. This instruction, in substance, tells the jury that the information raises no presumption of the guilt or innocence of defendants, but is merely filed for the

purpose of advising defendants of the nature of the crime charged against them, and for bringing them to trial. This instruction, while not aptly worded, merely states that no presumption arises by reason of the filing of an information; that the purpose of the information is to apprise the defendants of the charge against them, and of putting them upon trial. The instruction is not prejudicially erroneous.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.